W. W. Grainger, Inc., Appellee, *v.* Linger, d. b. a.,
Ohio Supply Co., Appellant.

(No. 531—Decided May 10, 1952.)

*Mr. Francis M. Marley,* for appellee.
*Mr. W. S. Snook,* for appellant.

Ahl, J. This is an appeal on questions of law from a judgment of the Common Pleas Court of Hancock County, affirming a judgment of Garver Oxley, a justice of the peace for Findlay township, Hancock county, Ohio.

The judgment of the justice of the peace was rendered in a cause pending before him wherein appellee was plaintiff and appellant was defendant.

The judgment in the justice court was rendered by default on September 14, 1950, in the sum of $41.50.

The appeal from the justice court to the Common Pleas Court, upon which the Common Pleas Court rendered its judgment of affirmance, was one on questions of law.

There is no bill of exceptions of the proceedings had in the justice court.

The records of the justice court and the Common Pleas Court in this cause disclose the following facts:

Judgment was rendered in the justice court on September 14, 1950.

An appeal bond was filed September 21, 1950.

A notice of appeal on questions of law was filed September 21, 1950.

A transcript of proceedings in the justice court and original papers in the cause, including a bill of particulars, appeal bond, and notice of appeal were filed in the Common Pleas Court on September 27, 1950.

The petition of plaintiff was filed in Common Pleas Court October 10, 1950.

Defendant's assignment of errors was filed in Common Pleas Court November 21, 1950.

Defendant's motion for leave to plead in Common Pleas Court was filed April 27, 1951.

Defendant's answer and cross-petition was filed in Common Pleas Court May 7, 1951.

The decision of Common Pleas Court was filed September 18, 1951.

While a decision of a Common Pleas Court is not ordinarily a part of the record in the cause, the decision in this cause reflects certain of the proceedings had by the Common Pleas Court in its consideration of the cause, and will be considered for that purpose only.

An inspection of the bond discloses that it conforms to the requirements of Section 10383, General Code, and that, under Sections 12223-3 and 10382 to 10398, General Code, it had the effect of constituting an appeal upon questions of law and fact from the justice

of the peace court to the Common Pleas Court. That appeal was thereafter fully and completely perfected by the plaintiff filing its petition and the defendant filing his answer and cross-petition in the Common Pleas Court.

Consequently, at the time the cause was heard in the Common Pleas Court on the appeal on questions of law, there were pending in that court the perfected appeal on questions of law and fact and the appeal perfected on questions of law by giving written notice of appeal in the justice court.

The decision of the Common Pleas Court, appearing among the original papers filed in this court, discloses that the defendant-appellant contended in the Common Pleas Court that he was entitled to have the cause heard as an appeal on questions of law and fact.

The Common Pleas Court, in its written decision, held that if this were an appeal on questions of law and fact the appeal would have to be dismissed because Rule 1 of the Common Pleas Court had not been complied with by the defendant.

The Common Pleas Court, in its written decision, explains that Rule 1 of the court provides that copies of all pleadings must be mailed to opposing counsel and a statement that the same has been done shall be filed with the clerk of courts.

The judgment of the Common Pleas Court from which the appeal to this court is taken, discloses that the appeal from the justice of the peace court was considered as an appeal on questions of law only, and the judgment of the justice of the peace court was affirmed on such appeal.

The judgment entry does not purport to dismiss the appeal on questions of law and fact so that the appeal on questions of law and fact still stands of record in the Common Pleas Court, undisposed of.

The rule of court quoted by the trial court in its decision does not prescribe that a cause may be dismissed for failure to comply with said rule. The decision of the court that the appeal should be dismissed for appellant's failure to comply with rule 1 was unwarranted.

Consequently, at the time the Common Pleas Court rendered the judgment appealed from there were two perfected appeals from the justice of the peace court standing before it. One, an appeal on questions of law and fact which would afford appellant full relief both as to law and fact, and the other, an appeal on questions of law only which would afford appellant relief only as to errors of law committed in the justice of the peace court.

The action of appellant in contending that the cause should be tried as an appeal on questions of law and fact instead of an appeal on questions of law only constituted an election on his part to submit the appeal on questions of law and fact and not as an appeal on questions of law only, which, if such election had been approved by the Common Pleas Court, would have necessitated the dismissal of the appeal on questions of law only.

The Common Pleas Court erred in not approving said election and in considering the appeal on questions of law only when an appeal on questions of law and fact was pending, and for these errors, which were prejudicial to appellant, the judgment of the Common Pleas Court is reversed at costs of appellee, and this cause is remanded to the Common Pleas Court for a new trial, with instructions to that court to approve appellant's election, dismiss the appeal on questions of law only, and to try the cause as an appeal on questions of law and fact.

*Judgment reversed.*

MIDDLETON, P. J., and GUERNSEY, J., concur.